NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| G&S LIVINGSTON REALTY, INC.,<br><br>     Plaintiff,<br><br>   v.<br><br>CVS PHARMACY, INC.,<br><br>     Defendant. | Civil Action No. 10-00303 (SDW)<br><br><br>**OPINION**<br><br><br>November 4, 2013 |

**WIGENTON**, District Judge.

Before the Court are the following motions: 1) plaintiff G&S Livingston Realty, Inc.'s ("Plaintiff" or "G&S") motion for entry of judgment ("Motion for Entry of Judgment") pursuant to Federal Rules of Civil Procedure 58 and Local Civil Rules 79.4 and 58.1; and 2) defendant CVS Pharmacy, Inc.'s ("Defendant" or "CVS") cross-motion to reopen discovery ("Cross-Motion").

This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, this Court will enter judgment for Plaintiff, but the specific amount will require additional assessment. Plaintiff's Motion for Entry of Judgment will be **GRANTED IN PART AND DENIED IN PART** and Defendant's Cross-Motion for limited discovery on damages will be **DENIED**.

1

**BACKGROUND AND PROCEDURAL HISTORY**

As this Court writes primarily for the parties, only a brief procedural history will be provided.

This action stems from a lease G&S entered into with lessee Linens 'N Things, Inc. ("Linens") for retail space in the Livingston Retail Center (the "Lease"). (Compl. ¶ 6.) In connection with the Lease, Melville Corporation, Linens's parent company, executed a guaranty that required it to pay rent and other sums due under the Lease to G&S if Linens defaulted (the "Guaranty"). (*Id.* ¶¶ 9, 11-12.) CVS, as successor to Melville, assumed the Guaranty. (*Id.* ¶¶ 10-11.)

Following Linens's default on the Lease in May 2008, in January 2010, G&S brought suit against CVS. (*Id.* ¶¶ 14-16.) G&S alleged, *inter alia*, that CVS breached the Guaranty, and sought declaratory judgment that CVS was in material breach of the Guaranty and responsible for all accruing payments and expenses due under the Lease. (*Id.* ¶¶ 27-28, 33-35.) CVS filed counterclaims against G&S seeking declaratory relief and argued that it was entitled to proceed under a co-tenancy provision of the Lease. (Dkt. No. 7.) Fact discovery closed in June 2011, after which G&S and CVS both moved for summary judgment.[1] (Dkt. Nos. 39-40.) On December 22, 2011, this Court entered an order ("December 22, 2011 Order") denying G&S's motion and granted in part and denied in part CVS's motion for summary judgment finding that the Lease was not terminated in 2008, and that CVS was allowed to exercise Linens's rights under the co-tenancy provision and opt for Alternative Rent. (Dkt. No. 56.) On January 13, 2012, G&S appealed. (Dkt. No. 59.)

---

[1] Notably, on July 21, 2011, G&S filed for bankruptcy relief pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq., and the bankruptcy plan ("Plan") was confirmed on September 14, 2011. (G&S Opp'n to Cross Mot., Ex. D.) On November 29, 2011, the Plan became effective. (*See* CVS Cross Mot. 4.)

The Third Circuit reversed the December 22, 2011 Order and remanded this action after determining that the CVS could not exercise Linens's rights under the co-tenancy provision to opt for Alternative Rent and terminate the Lease. (Dkt. No. 61.) By mandate filed December 26, 2012, the Third Circuit vacated the December 22, 2011 Order and remanded the action "for entry of judgment against, and assessment of amounts due and owing from, CVS" ("December 26, 2012 Mandate"). (Dkt. No. 62 at 8.)

On March 1, 2013, Plaintiff filed the Motion for Entry of Judgment pursuant to the mandate from the Third Circuit. (Dkt. No. 73.) On March 22, 2013, Defendant filed the Cross-Motion to reopen discovery. (Dkt. No. 76.) Both motions were opposed.

**LEGAL STANDARD**

*Federal Rule of Civil Procedure 58*

Federal Rule of Civil Procedure 58 is a procedural rule for entering judgment. Fed. R. Civ. P. 58. The Rule states that "judgment[s] must be set out in a separate document" with an exception for "order[s] disposing of a motion: (1) for judgment under Rule 50(b); (2) to amend or make findings under Rule 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or amend the judgment, under Rule 59; or (5) for relief under Rule 60." *Id.* § 58(a). The Rule further sets out when judgment may be entered without the court's direction and when the court's approval is required. *Id.* § 58(b). Additionally, Rule 58 states the time of entry for when a judgment should be entered "in the civil docket under Rule 79(a)." *Id.* § 58(c). A party may request a judgment to be "set out in a separate document" and the requirements for cost or fee awards. *Id.* §§ 58(d)-(e).

*Local Civil Rule 58.1*

Pursuant to Local Civil Rule 58.1 "cases in which the Clerk is required to prepare the judgment pursuant to Fed. R. Civ. P. 58(b)(1)," where judgment is entered without the court's direction, the judgment "shall be submitted to the [c]ourt for signature and entered forthwith. L. Civ. R. 58.1(a). In cases where judgment is entered with the court's direction pursuant to Fed. R. Civ. P. 58(b)(2) and any judgment under Fed. R. Civ. P. 54(a), "the prevailing party shall, within seven days after determination, submit a judgment or order to the [c]ourt on notice to all parties." *Id.* § 58.1(b). "[I]f no specific objection to that judgment or order with reasons therefor is received from the adversary within seven days of receipt of the prevailing party's judgment or order, the judgment or order may be signed by the [c]ourt," unless the court otherwise specifies. *Id.*

*Local Civil Rule 79.4*

Local Civil Rule 79.4 addresses requirements related to the filing of a mandate. L. Civ. R. 79.4. Upon such filing, or the filing of a "certified copy of the judgment in lieu thereof from an appellate court, the Clerk shall file and enter it and notify counsel for the parties." *Id.* If the judgment or mandate either "directs a disposition other than an affirmance" or "provides for costs," "the prevailing party shall submit an order implementing the mandate or judgment." *Id.*

**DISCUSSION**

The Third Circuit Opinion requires the entry of judgment in favor of G&S; however, the parties disagree on the assessment of the amount CVS owes and whether G&S has adequately mitigated damages. (*See* Dkt. Nos. 78, 83.)

G&S provided that as of June 1, 2013, CVS is indebted to G&S pursuant to the terms of the Lease and the Guaranty in the amount of $4,929,164.16 ("Proposed Judgment"). (Second Supplemental Cert. of Amount Due in Supp. of J. 2, Dkt. No. 85.) G&S claims to have incurred attorneys' fees and cost of suit related to the enforcement of the Guaranty in the amount of $70,128.00. (*Id.*)

CVS asserts that the Proposed Judgment submitted by G&S goes beyond the mandate from the Third Circuit, and that assessment of the amount owed by CVS is required. (*See* Dkt. No. 83.) As such, CVS asserts that discovery should be reopened. (*Id.*) G&S claims that it mitigated its damages, and further, that CVS waived this argument by not raising it after the close of fact discovery in 2011 or on appeal. (CVS Reply Br. in Supp. of Mot. for Entry of J. 1.)

As part of its request to reopen discovery, CVS seeks discovery regarding the Leased Premises to Daven Avenue, LLC ("Daven") by G&S pursuant to the confirmed reorganization bankruptcy Plan. (CVS Cross Mot. 21.) G&S argues that CVS is not entitled to additional discovery "after it failed to seek discovery in the bankruptcy case, where it was an active participant." (G&S Opp'n to Cross Mot. 19.)[2] G&S notes that CVS could have asked for information on the transfer to Daven in Bankruptcy Court and did not. (G&S Opp'n to Cross Mot. 20.)

A district court has substantial discretion on whether to "reopen the record after a remand." *Taylor Milk Co. v. Int'l Bd. of Teamsters*, 69 F. App'x 71, 73 (3d Cir. 2003);

---

[2] G&S also notes that "[c]reditors and investors relied upon G&S's Plan and the transfer of **both** the Leased Premises and CVS's unconditional Guaranty to Daven as part of the reorganization," considering it the Plan final. (G&S Opp'n to Cross Mot. 21 (emphasis in original).) As part of its response, CVS states that, "[t]o be clear, CVS does not seek to reopen G&S's bankruptcy case, overturn G&S's Plan, or reverse the sale of the shopping center to Daven." (CVS Cross Mot. Reply 13.) However, CVS has expressed interest in letters of intent that Daven entered into with Buy Buy Baby, Inc. and Cost Plus, Inc. to lease the former Linens premises. (Letter dated Oct. 4, 2013, Dkt. No. 89.)

*Ferranti Int'l, PLC v. Jasin*, 47 F. App'x 103, 105-06 (3d Cir. 2002); *Pittsburgh Press Club v. United States*, 579 F.2d 751, 755 (3d Cir. 1978); *Rochez Bros. v. Rhoades*, 527 F.2d 891, 894 (3d Cir. 1975); *Wright v. Camden City Police Dep't*, No. 04-2750 (RMB), 2007 WL 1582975 (D.N.J. May 31, 2007); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971). A district court should consider the following factors when exercising such discretion: "(1) what burden would be placed on the parties and witnesses by additional proceedings; (2) what 'undue prejudice' may result by not taking new testimony; and (3) whether judicial time and resources would be unnecessarily drained." *Pittsburgh Press Club*, 579 F.2d at 755; *Rochez Bros.*, 527 F.2d at 894 n.6; *see also Taylor Milk Co.*, 69 F. App'x at 73; *Ferranti Int'l, PLC*, 47 F. App'x at 105 (citing *Rochez Bros.*, 527 F.2d at 894 n.6).

Where the appellate court has not "specifically instructed the district court to take further evidence on any issue remanded to it for findings of fact," this could be "construed as leaving a decision on the need to reopen to the sound discretion of the trial court." *Skehan v. Bd of Trs. of Bloomsburg State Coll.*, 590 F.2d 470, 478 (3d Cir. 1978), *superseded on other grounds as stated in Smith v. City of Pittsburgh*, 764 F.2d 188 (3d Cir. 1985); *see also Ferranti Int'l PLC*, 47 F. App'x at 106 (quoting *Skehan*, 590 F.2d at 478) (noting that in *Rochez Bros.*, the "failure of [the] appellate court to instruct the district court to take further evidence indicate[s] that the question was left to the sound discretion of the trial court").

Courts have denied motions to reopen discovery, especially in the context of damages, where the moving party "had [a] fair opportunity to develop its proof." *First Nat. Bank of Chi. v. Jefferson Mortg. Co.*, 576 F.2d 479, 493 (3d Cir. 1978); *Taylor Milk Co.*, 69 F. App'x at 73 ("[N]o reason to disturb the substantial discretion afforded to the [d]istrict [c]ourt to reopen the record after a remand."); *see also Ferranti Int'l., PLC*, 47 F. App'x 106 ("District

6

[c]ourt's refusal to hold the requested evidentiary hearing . . . did not violate [the Third Circuit's] mandate on remand.").

In the instant matter, the Third Circuit has directed that judgment be entered in favor of G&S; however the specific monetary amounts need to be assessed. (December 26, 2012 Mandate, Dkt. No. 62 at 8.) As the issue was not previously addressed regarding damages, this Court must make such an assessment. However, as discussed below, this Court declines to reopen discovery.

This Court previously issued an opinion on summary judgment. (Dkt. No. 56.) Damages were not specifically resolved on the motion for summary judgment, but fact discovery ended prior to the filing of those motions by the parties. G&S raises numerous points in opposition to the Cross-Motion to reopen discovery.[3] Here, CVS did not reserve the right to address the issue of mitigation at a later time, and this matter was not bifurcated as to damages. This Court has considered the factors articulated in *Rochez Bros.* and does not find that they weigh in favor of reopening discovery at this stage.

To the extent that CVS disputes the amount included in the Proposed Judgment submitted by G&S, certifications and documentation have been provided, and additional briefing regarding specific dollar amounts and mitigation will be permitted; however, reopening discovery will not be allowed at this time. The amount owed in attorneys' fees is also challenged and will need to be assessed. The extent to which G&S has or should have mitigated is not analyzed in this Court's Opinion herein, as this matter will be referred to Magistrate Judge Madeline Cox Arleo ("Judge Arleo") to address the assessment and

---

[3] G&S also asserts that the current record already demonstrates that it made efforts to mitigate its damages. (G&S Opp'n to Cross Mot. 22-25.)

7

calculations of the amount due to G&S for damages and fees.  The parties are to submit a joint proposal according to the schedule that Judge Arleo will set.

As a result of the foregoing, this Court enters judgment in favor of Plaintiff. Plaintiff's Motion for Entry of Judgment, is **GRANTED IN PART AND DENIED IN PART** as judgment is entered in favor of Plaintiff, but the specific amount is to be assessed. Defendant's Cross-Motion for limited discovery regarding the mitigation of damages is **DENIED**.  This matter will be referred to Judge Arleo for an assessment of damages including fees.

s/ Susan D. Wigenton, U.S.D.J.

Orig:	Clerk
cc:	Parties
	Magistrate Judge Arleo